### JOHN HOFFMAN v. WM. H. DAVIS.

1. ACTION ON CONTRACT OR ACCOUNT—INSUFFICIENT.
   A petition averring that merchandise was bought on a certain date at a certain price, and not delivered, and that later such merchandise was replaced by a purchase at an advanced price, without averring that vendor agreed to sell and deliver at the first price, does not state facts sufficient to constitute a good cause of action, either on an account or a contract of purchase.

2. VARIANCE BETWEEN ALLEGATIONS AND PROOFS.
   Under the averments referred to the preceding paragraph, it was error for the court to receive evidence tending to prove the contract of purchase.

GIFFEN, J.

The proof in this case is a contract of purchase for 10,000 pounds pork shoulders at five cents, delivery of part, a refusal to deliver the balance, a purchase in the market by the vendee at an advanced price and damages for the difference.

The petition sets forth the sum of $220.30 as due upon an alleged account, and a copy thereof.

To constitute an account there must be a debit against some person; but in this account thee is no charge against he plaintiff in error or any other person nor do the statements in the petition conform to the proof. They are to the effect that shoulders were bought in October, 1892, and not delivered; that he contract price was five cents per pound, and that later they were replaced by purchase from one Sigmund Fritsch at ten cents per pound; but there is no averment that the plaintiff in error agreed to sell and deliver 10,000 pounds of shoulders or any other amount. The petition, therefore, does not contain facts sufficient to constitute a good cause of action, either on an account or a contract of purchase. The court erred in receiving testimony tending to prove such contract.

Judgment reversed and cause remanded.

A. H. Bode, for plaintiff in error.

F. D. Goodhue and W. L. Dickson, *contra.*